IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STONI MEDICAL STAFFING, and JAZZMA HALL, <br><br> Plaintiffs, <br><br> v. <br><br> ALLY FINANCIAL , <br><br> Defendant. | CIVIL ACTION NO.: 4:23-cv-3 |

**O R D E R**

This case was initially brought by Jazzma Hall, proceeding *pro se*, against Ally Financial, Inc. ("Ally") alleging, among other things, that Ally wrongfully refused to recognize her exercise of a right of rescission allegedly contained in various contracts for the purchase of automobiles. (Doc. 1-1, pp. 6–9.) Stoni Medical Staffing ("Stoni Medical"), which likewise appeared *pro se*, was also named as a plaintiff. (Id. at pp. 1–2, 5.) Ally removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) Presently before the Court are Plaintiffs' Motion for Summary Judgment, (doc. 7), and Ally's Cross Motion for Summary Judgment, (doc. 13). Those summary judgment motions have been fully briefed. (See docs. 7, 14, 19, 20, 21, 22, 23.) Prior to considering the motions, however, the Court recently instructed Stoni Medical to retain counsel, as it may not proceed *pro se*. (Doc. 24.) In response, Hall has asked the Court, among other things, to dismiss Stoni Medical from this action without prejudice. (Docs. 25, 27.) Ally objects to this request and has asked the Court to grant summary judgment in its favor against *both* Hall and Stoni Medical. (Doc. 26.) For the reasons explained below, the Court **DISMISSES** both Plaintiff Stoni Medical's and Plaintiff Jazzma Hall's claims **with prejudice**

and **DENIES as moot** both Hall's Motion for Summary Judgment, (doc. 7), and Ally's Cross Motion for Summary Judgment, (doc. 13).

## BACKGROUND

### I.  Factual Background[1]

It is undisputed that Stoni Medical is a Missouri limited liability company and Hall is its sole member.[2]  (Doc. 29-1, pp. 2–3.)  In 2021 and 2022, Stoni Medical entered three Retail Installment Sale Contracts for the purchase of three vehicles.  (Doc. 17, pp. 1–2, 4; doc. 1-1, pp. 25–27.)  According to Hall, she "was not able to obtain any vehicles in her personal name," which is why she "used her business to obtain her dream car" and to buy another car for a friend.  (Doc. 7, p. 2.)  On all three contracts, the first page has a box for "Buyer Name and Address" and a box for "Co-Signer Name and Address," and on all three of the contracts, the first box lists Stoni Medical (and its address) while the second box states, simply, "N/A."  (Doc. 17-2, pp. 12, 17, 23.)  Similarly, on the last page of each contract a handwritten signature was placed on the line for

---

[1] Hall neglected to file a Statement of Material Facts with her Motion for Summary Judgment as required by the local rules.  See L.R. 56.1.  Ally then filed its own Statement of Material Facts with its Cross Motion for Summary Judgment.  (See doc. 14-1.)  In response to Ally's Statement of Material Facts, Hall then submitted a list of "Disputed Facts By Plaintiff[]."  (See generally doc. 19, pp. 7–10.)  Hall makes very little citation to the record, and she instead attempts to make various legal arguments to dispute the validity of Ally's factual recitals.  (Id.)  Without any citation to the record to dispute the factual allegations contained in Ally's Statement of Material Facts, the Court finds them to be admitted.  See L.R. 56.1.

[2] In a previous Order, the Court raised concerns about whether it had diversity jurisdiction because Ally had not alleged what type of entity Stoni Medical was.  (Doc. 28, pp. 5–7.)  The Court then directed Ally to file supplemental briefing on Stoni Medical's citizenship.  (Id. at p. 8.)  According to Ally's filing, Hall served written discovery responses stating that, although Georgia records erroneously indicate that Stoni Medical was a limited liability limited partnership, it was in fact a Missouri limited liability company.  (Doc. 29-1, pp. 2, 4–5.)  Indeed, according to the Missouri Secretary of State, Stoni Medical is a registered LLC formed in September 2021.  See Missouri Secretary of State, https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?page=beSearch&ID=4441329, (last accessed Jan. 4, 2024).  Hall also stated that she is and has always been the sole member of Stoni Medical, and she is domiciled in Georgia.  (Doc. 29-1, p. 5; see also doc. 30 (filing by Hall stating she has no objection to Ally's briefing regarding citizenship of the parties).)  Accordingly, the Court finds that diversity of citizenship has been established, as Ally is a citizen of Delaware and Michigan, and Stoni Medical is a citizen of Georgia (because it is an LLC, and its sole member is domiciled in Georgia).  (Doc. 29, pp. 2–4.)

"Buyer Signs" while the phrase "N/A" has been typed on the line for "Co-Buyer Signs." (Id. at pp. 16, 21, 27.) Under the signature lines on the last page of each contract, there are instructions which state: "If the 'business' use box is checked in 'Primary Use for Which Purchased': Print Name _____ Title _____." (Id.) On all three contracts, "Jazzma Hall" has been typed onto the first blank line. (Id.) The second blank line features a typed title that differs on each of the three contracts; one says "general partner," another says "owner," and the third says "president." (Id.) This is consistent with the sworn testimony provided by an Ally representative, who confirmed that Stoni Medical entered each of these contracts without a co-signer. (Doc. 7, p. 2; doc. 17, p. 2.) Under each of the contracts, Stoni Medical "agree[d] to pay the Seller-Creditor . . . the Amount Financed and Finance Charge in U.S. funds" according to the payment schedules prescribed therein. (Doc. 17, p. 2; doc. 1-1, p. 25–27.) Eventually, the contracts were each assigned by their original lenders to Ally Bank.[3] (Doc. 17, pp. 2–4.)

By the summer of 2022, Stoni Medical was past due on the payments on all three vehicles. (Doc. 17, pp. 5–7.) Ally Bank notified Stoni Medical that it needed to make all outstanding payments by a stated deadline to continue the contracts. (Doc. 17, pp. 5–7; see doc. 17-2, pp. 29, 35, 40.) Stoni Medical did not bring the accounts current by the stated deadlines, and Ally Bank then repossessed each of the vehicles. (Doc. 17, pp. 5–7.) Ally Bank then sent Stoni Medical a "Notice of Our Plan to Sell Property" for each vehicle, notifying Stoni Medical that Ally Bank would sell the vehicle after a stated date, and Stoni Medical could pay the full amount owed for a vehicle and reclaim that vehicle any time before the sale. (Doc. 17, pp. 5–7; see doc. 17-2, pp. 31–34, 36–39, 41–42.) Stoni Medical failed to do so, and at least two of the three vehicles were sold

---

[3] According to Ally, and undisputed by Hall, "Ally Bank is a state-chartered bank organized under the laws of Utah" and is a subsidiary of Ally. (Doc. 17, p. 5.) Ally Bank is not a party to this action.

in July and September of 2022.  (Doc. 17, p. 6.)  Stoni Medical has been informed of those sales, and of the balance that remained due on each contract after the sale.  (Id. at pp. 6–7.)

On August 31, Stoni Medical submitted a payment coupon from a billing statement for one of the contracts, with the added language "Offer Accepted for value $8,426.58 of the obligation due Pay order Ally Financial for special purposes such as bailment or general deposit.  Account # 228-0812-4859."  (Doc. 17, p. 7; see doc. 17-2, p. 43.)  On the back was written "JAZZMA LYNN – HALL – Beneficiary."  (Doc. 17, p. 8; doc. 17-2, p. 44.)  No check or other form of payment accompanied the coupon.  (Doc. 17, p. 8; doc. 17-2, p. 10.)  On September 6, 2022, Ally Bank informed Stoni Medical that it would not accept the documents as payment.  (Doc. 17, p. 8; doc. 17-2, p. 10.)  On September 14, 2022, Hall mailed a letter, which Ally Bank interpreted as a demand for various documents relating to the Audi and Dodge Contracts.  (Doc. 17, p. 8; see doc. 17-2, pp. 51–58.)

## II. Procedural Background

On October 28, 2022, Hall filed this lawsuit against Ally in Chatham County Superior Court, alleging negligence.[4]  (Doc. 1-1, p. 9 (the "Complaint").)  On both the summons and the General Civil and Domestic Relations Case Filing Information Form, Hall listed Stoni Medical Staffing as a Plaintiff (in addition to listing herself).  (See id. at pp. 5–6.)  In the Complaint, Hall alleges that she "notified Ally . . . of a rescission on Oct[ober] 18, 2022, through their email . . . for all three account numbers" and "gave them 10 days to return all property that was supposed to

---

[4] As far as the Court can make out, Hall relies on the Truth-in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulation, 12 C.F.R. Part 1026, to support her claims for recovery.  (See generally doc. 1-1, pp. 1–2; doc. 7.)  TILA is a consumer protection statute intended to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  15 U.S.C. § 1601(a).  The parties' motions focus extensively on the applicability of TILA.  (See generally docs. 7, 13, 14, 19, 20, 21.)

be returned within that 10 day timeframe."[5]  (Id.)  Hall later filed an Amended Complaint on November 24, 2022, alleging one count of negligence.  (Id. at pp. 1–2.)  She listed Stoni Medical Staffing (along with herself) as a Plaintiff in the caption of this pleading.  (Id. at p. 1.)  The Amended Complaint alleges that "Defendant failed to perform the duties to uphold the right to rescind . . . [a]nd failed to send back all original contracts and payments that were made on [sic] that were sold over 10 times and 10 times the amount."  (Id. at p. 2.)

On January 3, 2023, Ally removed the case to this Court.  (Doc. 1.)  On January 10, 2023, Ally filed its Answer and Affirmative Defenses.  (Doc. 6.)  Hall later filed a Motion for Summary Judgment, arguing, among other things, that Plaintiff cannot assert a TILA claim based on the contracts.  (Doc. 7.)  Ally filed a Response in Opposition to Hall's Motion for Summary Judgment, (doc. 14), and its own Cross Motion for Summary Judgment, (doc. 13).  The Motions have been fully briefed.  (See docs. 7, 13, 14, 19, 20, 21, 22, 23.)

On July 17, 2023, the Court issued an Order directing Stoni Medical to retain counsel within thirty days, as entities cannot proceed *pro se* and must have legal counsel.  (Doc. 24.)  Instead of retaining counsel for Stoni Medical, Hall filed a Response to the Order, requesting that Stoni Medical be "remove[d]" from the case "due to not being able to retain counsel" but that it be allowed "at a later date to reenter . . . back on this case after counsel is retained for [it]."  (Doc. 25, p. 1.)  Ally objected to this proposal, arguing, among other things, that allowing Stoni Medical to be dismissed without prejudice from the case would, in turn, unduly prejudice Ally, and also that, without Stoni Medical in the case, Hall has no standing to assert these claims.  (See doc. 26.)  Hall filed a Reply, this time arguing that "no pleadings were done . . . mentioning Stoni Medical"

---

[5]  The Complaint also charges that Ally committed "fraud" in one of the contracts, by allegedly mischaracterizing her down payment.  (Doc. 1-1, p. 9.)

because Stoni Medical "was not included in [the original] [C]omplaint," and was listed "[j]ust on the court documents . . . in Superior Court because Stoni Medical . . . was also on the promissory note." (Doc. 27, p. 1.)

## DISCUSSION

I.  **Dismissal of Stoni Medical**

As the Court emphasized in its previous order, Stoni Medical, as an unrepresented entity, cannot proceed *pro se*. (See doc. 24.)[6] Accordingly, the Court directed Stoni Medical to retain counsel (or show cause why it had not done so) within thirty days. (Id.) Instead of following the Court's direction, however, Hall filed a response asking that Stoni Medical be dismissed from the case with the ability to, "at a later date[,] . . . reenter back on this case after counsel is retained for [it]." (Id. at p. 1.) Ally filed a response in opposition to Hall's request, in which it argues, among other things, that Stoni Medical should be dismissed *with* prejudice. (See doc. 26.)

Under the Court's local rules, "the assigned Judge may, after notice to counsel of record, sua sponte, or on motion of any party, dismiss any action for want of prosecution, *with or without prejudice*, [based on] . . . [w]illful disobedience *or neglect of any order of the Court*." Local R. 41.1(b) (emphasis added); see Drayton v. McIntosh Cnty., No. 2:16-CV-53, 2020 WL 4040364, at *1–2 (S.D. Ga. July 17, 2020) (dismissing plaintiffs with prejudice for failing to comply with a court order). Indeed, the Eleventh Circuit Court of Appeals has noted that "[t]he [district] court has the power . . . to dismiss a case with prejudice . . . for failure to comply with court orders or

---

[6] While the Court's Order focused on the general rule as applied to corporations, the rule is the same as applied to all artificial entities—including limited liability companies. In re Say So Priv. Homecare Servs., LLC, No. 1:22-CV-03528-SDG, 2022 WL 17990267, at *1 (N.D. Ga. Dec. 28, 2022) ("It is black letter law that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear pro se, and must be represented by counsel."); Daniel Def., LLC v. Tactical Edge, LLC, No. 4:21-cv-334, 2023 WL 4561602, at *1 (S.D. Ga. July 17, 2023) ("[A] limited liability company can appear in court only through a licensed attorney because it is a business entity.").

rules of procedure." Donaldson v. Clark, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987). Accordingly, because the Court gave Stoni Medical notice and explicit direction of its need to secure counsel, it is within the Court's discretion to dismiss Stoni Medical from this action with prejudice for violating the Court's instruction. See, e.g., Memon v. Allied Domecq QSR, 385 F.3d 871, 874 (5th Cir. 2004) ("In virtually every case in which a district court dismissed the claims [with prejudice] . . . of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case."); Bryant v. Internal Revenue Serv., No. 2:18-CV-607-MBS-MGB, 2018 WL 5961039, at *3 (D.S.C. Sept. 18, 2018), *report and recommendation adopted*, No. 2:18-CV-607-MBS, 2018 WL 5095147 (D.S.C. Oct. 19, 2018), *aff'd sub nom.* Bryant v. U.S. Dep't of Educ., 764 F. App'x 344 (4th Cir. 2019) (dismissing *pro se* corporate plaintiff with prejudice after giving notice to secure counsel, which it failed to do); Greenspan v. Admin. Off. of the U.S. Cts., No. 14CV2396 JTM, 2014 WL 6847460, at *4–6 (N.D. Cal. Dec. 4, 2014) (dismissing unrepresented *pro se* corporate plaintiffs with prejudice after failure to follow the court's direction to secure counsel); B & S Int'l Trading Inc. v. Meer Enter. LLC, No. 18CV11546KSHCLW, 2023 WL 8253073, at *2 (D.N.J. Nov. 29, 2023) ("[D]ismissal is appropriate here, where a corporate plaintiff directed to obtain counsel has shown a deliberate failure to prosecute and failure to comply with a court order.") (alterations adopted) (internal quotations omitted).

In her request to dismiss Stoni Medical, Hall simply states that counsel could not be retained "due to unforeseen circumstances." (Doc. 25, p. 1.) Difficulties in obtaining counsel are not an excuse for contravening the rule that a *pro se* entity must secure counsel to prosecute its claims. Birmingham v. RoFx.net, No. 21-23472-CIV, 2022 WL 19406163, at *1 (S.D. Fla. May 17, 2022). Because Stoni Medical has not secured counsel, established cause for failure to secure

counsel, or requested more time to secure counsel, it has violated the Court's order.  Accordingly, the Court **DISMISSES** Stoni Medical's claims **with prejudice** for failure to secure counsel.

## II.     Plaintiff Hall Lacks Standing

The dismissal of Stoni Medical from this case leaves Hall as sole Plaintiff.  In the response it filed to Hall's request that Stoni Medical be dismissed from the case with the right to re-join, Ally urged (for the first time) that Hall lacks standing to assert any of the claims in the case in her personal capacity.  (Doc. 26, p. 5.)  Ally emphasized that the claims are premised entirely upon contracts that were executed only by Stoni Medical and to which Hall was not a party.  (Id. at p. 5.)  Hall replied to this response, but she did not contest that the contracts were executed by Stoni Medical.[7]  (Doc. 27.)  Instead, she claims she has standing because she, as sole member of Stoni Medical, signed the underlying contracts.  (Id. at pp. 1–2.)

"[S]tanding is a threshold question that must be explored at the outset of any case."  Corbett v. Transp. Sec. Admin., 930 F.3d 1225, 1232 (11th Cir. 2019).  "To satisfy the standing requirement, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  Debernardis v. IQ Formulations, LLC, 942 F.3d 1076, 1083 (11th Cir. 2019) (internal quotation and citation omitted).  "The plaintiff bears the burden of establishing each element" to establish that he has standing.  Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1268 (11th Cir. 2019) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)).  Moreover, "that burden increase[s] with the successive stages of litigation: although mere allegations suffice[] at the pleading stage, actual evidence [is] required to withstand summary judgment."  City of Miami Gardens v. Wells

---

[7]  Indeed, she admits that the "notes are in Stoni[ Medical]'s name."  (Doc. 27, p. 4.)

Fargo & Co., 956 F.3d 1319, 1320 (11th Cir. 2020) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)).

Federal courts around the country "have routinely found that a member of an LLC does not have [Article III] standing to sue on behalf of the LLC for an injury caused to the LLC" where they cannot show any independent injury of their own. Siewe v. Fay Servicing, LLC, No. 1:21-CV-0079-CC-JSA, 2021 WL 2651819, at *6 (N.D. Ga. Feb. 18, 2021), *report and recommendation adopted*, No. 1:21-CV-0079-CC-JSA, 2021 WL 2655193 (N.D. Ga. Mar. 9, 2021). Accordingly, where "property was owned and all transactions were conducted in a company name," the "[i]njuries related to the property, the loan, and its attendant security interests . . . are not injuries to [the members] sufficient to confer on them standing." Id.

Here, the undisputed record evidence shows that all three contracts were executed by Stoni Medical (which is undisputedly an LLC), that there was no co-signor on the contracts, and that Hall was only involved in the contracts because she signed them on behalf of and in her capacity as a representative of Stoni Medical. Nothing in the contracts or elsewhere in the record justifies finding that Hall (in her personal capacity) is somehow a party to the contracts or could be held responsible for making payments under the contracts. Hall argues that she was responsible for Stoni Medical's payments and that she therefore somehow legally qualifies as a co-signor of the contracts, but she provides no legal or factual support for this argument. Hall only speculatively theorizes that Ally could, if it wanted to, seek to hold her financially responsible in the face of Stoni Medical's failure to make the required payments. (Doc. 19, p. 7.) Yet, there is no evidence that Ally sought to bind or otherwise hold Hall responsible in any way under any of the contracts.

Hall has therefore failed to establish Article III standing because she "was not a borrower or otherwise obligated on the . . . loan and, therefore, did not suffer an injury-in-fact." Johnson v.

9

Ocwen Loan Servicing, 374 F. App'x 868, 873 (11th Cir. 2010); id. (finding the plaintiff had no standing to assert TILA claim because she "was not a borrower or otherwise obligated on the [] loan"); Siewe, 2021 WL 2651819, at *6 (finding *pro se* member-plaintiffs lacked standing to bring suit on behalf of the LLC because the challenged loan was made solely in the LLC's name); Lacayo v. Wells Fargo Bank, N.A., No. 16-CV-23187, 2018 U.S. Dist. LEXIS 204226, at *26 (S.D. Fla. Nov. 30, 2018) ("The [r]ights to rescind under TILA extend to obligors only.") (quotations omitted); United States v. All Funds in Account of Prop. Futures, Inc., 820 F. Supp. 2d 1305, 1326–29 (S.D. Fla. 2011), *aff'd sub nom.* United States v. ADT Sec. Servs., Inc., 522 F. App'x 480 (11th Cir. 2013) (finding that members of an LLC had no Article III standing to challenge the civil forfeiture of LLC property).  Because Hall lacks standing to bring the current claims, the Court finds that she is not a proper party to this case.

**CONCLUSION**

Because Stoni Medical has failed to secure counsel or show cause as to why it has been unable to secure counsel, the Court **DISMISSES** Stoni Medical's claims **with prejudice**. Furthermore, as Hall lacks standing to pursue the claims, the Court also **DISMISSES** Hall's claims **with prejudice**. Accordingly, the Court **DENIES as moot** both Hall's Motion for Summary Judgment, (doc. 7), and Ally's Cross Motion for Summary Judgment, (doc. 13). The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED** this 15th day of February, 2024.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA