IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STONI MEDICAL STAFFING; and JAZZMA HALL,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLY FINANCIAL,<br><br>    Defendant. | CIVIL ACTION NO.: 4:23-cv-3 |

**O R D E R**

Presently before the Court is Plaintiff Jazzma Hall's Motion for Reconsideration. (Doc. 34.) By this Motion, Plaintiff, who is proceeding *pro se*, requests that the Court reverse its dismissal with prejudice of all claims in this action, (doc. 33). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Doc. 34.)

BACKGROUND

In 2021 and 2022, Stoni Medical entered three Retail Installment Sale Contracts for the purchase of three vehicles. (Doc. 17, pp. 1–2, 4; doc. 1-1, pp. 25–27.) According to Hall, she "was not able to obtain any vehicles in her personal name," which is why she "used her business to obtain her dream car" and to buy another car for a friend. (Doc. 7, p. 2.) In its Order dismissing the claims, the Court thoroughly reviewed (and described) the contents of the contracts, which were eventually assigned by their original lenders to Ally Bank. (See doc. 33,

pp. 2–3.) By the summer of 2022, Stoni Medical was past due on the payments on all three vehicles. (Doc. 17, pp. 5–7.) Ally Bank notified Stoni Medical that it needed to make all outstanding payments by a stated deadline to continue the contracts. (Id.; see doc. 17-2, pp. 29, 35, 40.) Stoni Medical did not bring the accounts current by the stated deadlines, and Ally Bank then repossessed each of the vehicles and eventually sold them. (Doc. 17, pp. 5–7.)

On October 28, 2022, Hall and Stoni Medical filed this lawsuit against Ally in Chatham County Superior Court, alleging negligence, (doc. 1-1, pp. 1–9), which has been construed by this Court as a claim for violation of the Truth in Lending Act ("TILA"), (doc. 33, p. 4 n.4). After Ally removed the case to this Court, the parties filed Cross Motions for Summary Judgment. (Docs. 13 & 14.) While those motions were pending, the Court issued an Order directing Stoni Medical to retain counsel within thirty days, as entities cannot proceed *pro se* and must have legal counsel. (Doc. 24.) Instead of retaining counsel for Stoni Medical, Hall filed a Response to the Order, requesting that Stoni Medical be "remove[d]" from the case "due to not being able to retain counsel" but that it be allowed "at a later date to reenter . . . back on this case after counsel is retained for [it]." (Doc. 25, p. 1.) Ally objected to this proposal, (doc. 26), and, in reply, Hall argued that Stoni Medical was never intended to be a party to the lawsuit and that it was "[j]ust on the court documents . . . in Superior Court because [it] . . . was also on the promissory note." (Doc. 27, p. 1.)

In its Order, the Court dismissed Stoni Medical's claims with prejudice for failing to comply with the Court's Order to obtain counsel and in light of the fact that it had neither established cause for the failure to secure counsel nor requested more time to secure counsel. (Doc. 33, pp. 7–8.) The Court also dismissed all claims asserted by Plaintiff Hall based on its

2

determination that she lacked standing to assert the claims as they were premised entirely upon contracts that were executed by Stoni Medical and to which she was not a party. (Id. at p. 8.) The Court cited a bevy of case law to further support the specific determination that Hall lacked standing to assert a TILA claim. (Id. at pp. 9–10.)

In her Motion to Reconsider, Plaintiff Hall asserts that the Court's determination that she lacks standing is false. (Doc. 34, p. 1.) The majority of her filing, however, focuses on seeking to prove that the transactions at issue in this case qualify as "consumer credit" transactions, which was not material to the Court's determination that she lacked standing. (See generally id.) She does offer some argument about her position with regard to the at-issue contracts, but these are mostly quibbles with the Court's reasoning and are not based on any case law or other legal authority. (See, e.g., id. at pp. 6–7.)

The Eleventh Circuit Court of Appeals has stated that a motion for reconsideration falls within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n. 5 (11th Cir. 1993). Under Rule 59(e), "the only grounds for granting a [plaintiff's] motion are newly-discovered evidence or manifest error of law or fact." Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding: "(1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied[.]" Fed. R. Civ. P. 60(b)(1)–(5). The rule also contains a "catchall" provision which authorizes relief based on "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only

upon a showing of exceptional circumstances," and a party seeking relief must show that absent such relief, extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted). Finally, regardless of which rule applies, motions for reconsideration cannot be used to relitigate issues which have already been found lacking. Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009).

While Plaintiff Hall has not indicated which rule or rules she believes support her motion, the distinction is immaterial in this case. Plaintiff has not shown—and does not argue—that new evidence, mistake or neglect, manifest error, or exceptional circumstances entitle her to relief. Moreover, Plaintiff does not claim she will suffer "extreme hardship" should her request be denied. See, e.g., Griffin, 722 F.2d at 680. In her Motion for Reconsideration, Plaintiff merely copies and pastes a number of legal definitions and regulations relating to consumer credit transactions and makes fairly indecipherable arguments that they somehow show that she has standing or entitle her to some form of relief. (See generally doc. 34.) None of these legal authorities or arguments provides a legitimate reason for the Court to undertake the drastic measure of reconsidering or changing the determinations it reached in its Order.

Absent a legal basis or evidence to support revisiting previously-decided issues, the Court discerns no reason to alter its prior decision. Accordingly, the Court **DENIES** Plaintiff's Motion to Reconsider, (doc. 34). As a housekeeping matter, the Court has observed that the stay of the case that it imposed on September 26, 2023, while the parties conducted jurisdiction-related discovery and filed related briefing, (doc. 28), was never formally lifted. Accordingly, the Court **DIRECTS** the Clerk of Court to remove the stay designation from the docket of this case. The lifting of the stay, however, has no impact on the Court's final judgment in this case and the

Court's previous Order dismissing the claims of both Plaintiffs, (doc. 33), remains the Order of the Court, and this case **REMAINS CLOSED**, (see doc. 35).

**SO ORDERED**, this 30th day of April, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA