IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STONI MEDICAL STAFFING; and JAZZMA HALL, <br><br> Plaintiffs, <br><br> v. <br><br> ALLY FINANCIAL, <br><br> Defendant. | CIVIL ACTION NO.: 4:23-cv-3 |

**O R D E R**

Before the Court is Plaintiff Jazzma Hall's "Application to Proceed in District Court without Prepaying Fees or Costs," which the Court construes as a motion for leave to proceed *in forma pauperis* on appeal, (hereinafter, the "Motion to Appeal IFP"). (Doc. 44.)[1] For the reasons explained below, the Court **DENIES** the Motion to Appeal IFP.

**BACKGROUND**

In this case, Jazzma Hall (who is proceeding *pro se*) and Stoni Medical claimed Defendant violated the Truth in Lending Act in relation to three Retail Installment Sale Contracts entered into by a business entity, Stoni Medical.[2] (See generally docs. 1-1, 7, 17.) Stoni Medical was listed as

---

[1] Since filing this form document, Plaintiff has also filed a "Motion Requesting Ruling on Motion to Proceed In Forma Pauperis," (doc. 49), which the Court **DENIES AS MOOT**.

[2] According to Hall, she "was not able to obtain any vehicles in her personal name," which is why she "used her business [Stoni Medical] to obtain her dream car" and to buy another car for a friend. (Doc. 7, p. 2.)

a Plaintiff in this case, but its claims were eventually dismissed by the Court due to its failure to obtain counsel after being directed by the Court to do so.  (Doc. 33, pp. 7–8.)  Additionally, on cross-motions for summary judgment filed by Plaintiff Hall and Defendant, the Court dismissed all claims asserted by Plaintiff Hall based on its determination that she lacked standing to assert the claims as they were premised entirely upon contracts that were executed by Stoni Medical and to which she was not a party.  (Id. at p. 8.)  The Court cited a bevy of case law to further support the specific determination that Hall lacked standing to assert her claims.  (Id. at pp. 9–10.)

Following dismissal of the case, Plaintiff Hall filed a Motion to Reconsider.  (Doc. 34.)  The Court denied that motion, explaining that Plaintiff's filing had merely quibbled with the Court's determination that she lacked standing and had—for some unclear reason—sought to prove that the transactions at issue qualified as "consumer credit transactions" (which was not material to the Court's decision to dismiss the case).  (Doc. 41.)

Following the Court's denial of the Motion for Reconsideration, Plaintiff Hall filed a Notice of Appeal of the Court's Order dismissing her case, which states only that "Jazzma Hall and Stoni Medical Staffing appeal to the United States Court of Appeals for the 11th Circuit from the final judgment entered on April 30, 2025."  (Doc. 42.)  She also filed the document that the Court has construed as a Motion to Appeal IFP.  (Doc. 44.)

**STANDARD OF REVIEW**

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that "a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  The party must attach an affidavit that: (A) shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement

to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Additionally, an appeal may not be taken *in forma pauperis* if the trial court certifies that such appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat. Bank, 271 F. App'x 858, 859 (11th Cir. 2008). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" Id. (quoting Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)). Stated differently, an *in forma pauperis* action is frivolous, and therefore not brought in good faith, if it lacks "arguable merit either in law or fact." Id. (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)) (internal quotation marks omitted). "Arguable" is defined as "capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (internal quotation marks omitted).

A district court has "wide discretion" in denying an application to proceed *in forma pauperis*. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting Flowers v. Turbine Support Div., 507 F.2d 1242, 1244 (5th Cir. 1975)). Although a court must not act arbitrarily or act on erroneous grounds in denying an application to proceed in forma pauperis, such applications should nonetheless be granted "sparingly." Ghee, 271 F. App'x at 859 (internal quotation marks omitted) (citing Martinez, 364 F.3d at 1306).

## DISCUSSION

Plaintiff's Motion fails to satisfy subsection (a)(1)(C) of Rule 24, as it does not "state[] the issues that the party intends to present on appeal," Fed. R. App. P. 24(a)(1)(C). Plaintiff's Notice of Appeal likewise does not specify any particular issue or alleged error that Plaintiff seeks to have the appellate court review; it simply states that Plaintiff appeals from the final judgment in the

case. (Doc. 42.) For the reasons more fully described in its Order dismissing the case, (doc. 33), and its Order denying reconsideration, (doc. 41), the Court *sua sponte* discerns no issues "capable of being convincingly argued" on appeal. Sun, 939 F.2d at 925. Accordingly, the Court has no basis for finding that there are any nonfrivolous grounds for appeal and the Court thus concludes that the appeal is not taken in good faith.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Leave to Appeal *in Forma Pauperis*, (docs. 44). The Court **DIRECTS** the Clerk of Court to notify the Eleventh Circuit Court of Appeals of this ruling in accordance with Federal Rule of Appellate Procedure 24(a)(4).

**SO ORDERED**, this 11th day of July, 2025.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA